INTERNATIONAL-MADISON STATE BANK AND TRUST COMPANY, Respondent, v. LOUIS SILVERMAN, Appellant, and ABRAHAM B. SCHLOWSKY, Defendant.— Order setting aside verdict and granting a new trial unanimously affirmed, costs to abide the event. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

In the Matter of the Application and Petition of THE CITY OF NEW YORK, Appellant, to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake, in the Town of Yorktown, Westchester County, New York, under the Greater New York Charter and Pursuant to Chapter 543 of the Laws of 1925,* to Be Acquired for the Sanitary Protection of the Water Supply of the City of New York. KENNETH B. TROUSDELL, Respondent.— Order confirming first separate report and supplemental report of commissioners, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

In the Matter of the Petition of EDWARD J. HAYWARD, as Administrator, etc., of DAVID J. HAYWARD, Deceased, for Letters of Administration of the Goods, Chattels and Credits Which Were of LORETTA G. HAYWARD, Also Known as LAURA HAYWARD, Deceased, Respondent; GENEVIEVE L. KELLY and WILLIAM E. MAGEE, Appellants.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent payable out of the estate. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ. [143 Misc. 401.]

In the Matter of the Judicial Settlement of the Account of the Proceedings of ANDREW PELLEGRINI and BROOKLYN TRUST COMPANY, as Executors, etc., of JOSEPH MEHLER, Deceased, Appellants. In the Matter of the Application of JOSHUA HELLINGER and EMANUEL H. REICHART, Attorneys, Respondents, for an Allowance, etc., Pursuant to Section 231-a of the Surrogate's Court Act.— Order awarding the attorneys an allowance for services affirmed, with costs payable to them out of the estate. The learned surrogate in the proceeding to construe the will reserved for a hearing the application for an allowance. He was empowered by section 278 of the Surrogate's Court Act to award such an allowance and to direct payment to the attorneys for whose services such allowance was made. The petition does not limit the application to the services rendered in connection with the probate proceeding, of which there is sufficient evidence of services to justify compensation, but also includes the services rendered in the will construction matter. We are of opinion that the award is reasonable and that the application was regularly instituted. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

*Amdg. Gen. Mun. Law, § 76.— [REP.